CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
SEP 0 2 2005
JOHN F. CORCORAN, CLERK
BY: Fay Coleman
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| WAYTEC ELECTRONICS CORPORATION,<br><br>*Plaintiff,*<br><br>v.<br><br>ROHM AND HAAS ELECTRONIC MATERIALS, LLC;<br>NORTHERN LAMINATE SALES, INC., D/B/A NLS TECHNOLOGIES,<br><br>*Defendants.* | CIVIL ACTION NO. 6:05-CV-00024<br><br><br><br>MEMORANDUM OPINION<br><br><br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on Plaintiff's Objection to Joint Notice of Removal, filed July 27, 2005 (Document #16), Motion to Remand, filed July 27, 2005 (Document # 17), and Renewed Motion to Remand, filed July 29, 2005 (Document #20). For the reasons stated below, the Court DENIES Plaintiff's Motion to Remand.

Plaintiff Waytec Electronics Corporation ("Waytec") filed its Motion for Judgment against Defendants Rohm and Haas Electronic Materials, LLC ("Rohm and Haas") and Northern Laminate Sales, Inc., d/b/a NLS Technologies ("NLS") in the Circuit Court for the City of Lynchburg on June 1, 2005. On July 1, 2005, Defendant Rohm and Haas filed a Notice of

Removal with this Court. Defendant NLS did not join in this Notice of Removal and no consent to the Notice of Removal was filed by NLS at that time. On July 20, 2005, this Court entered an Order to Show Cause, requiring Defendant NLS to correct various deficiencies in the Notice of Removal within fourteen days in order to avoid a remand for lack of jurisdiction.[1] On that same date, Rohm and Haas electronically filed a Joint Notice of Removal ("the joint notice of removal" or "the joint notice"), which purported to join NLS in the notice of removal and also corrected the other jurisdictional defects outlined by the Court in its Order to Show Cause.[2] On July 27, Waytec filed its first Motion to Remand, arguing that Defendant NLS had not been properly joined in the July 20 Notice of Removal and that the Court should therefore remand this action because Defendants failed to comply with the requirements of 28 U.S.C. § 1446(b). In response to Plaintiff's Motion to Remand, on July 27, 2005, NLS electronically filed the same joint notice of removal which Rohm and Haas had electronically filed on July 20, 2005.[3] The Court held a hearing on Plaintiff's Motion to Remand on August 10, 2005.

In its Motion to Remand, Plaintiff argues that NLS's signature on the July 20, 2005 Notice of Removal was not valid and thus the joint notice of removal did not properly join NLS. According to 28 U.S.C. § 1446(b), all defendants are required to file, join in, or consent to removal within thirty days of service of the initial pleading in the case. *See* 28 U.S.C. § 1446(b)

---

[1] In addition to not joining its co-defendant NLS, Rohm and Haas failed to properly allege its citizenship, failed to allege that diversity existed at the time of removal and at the time the action commenced, failed to properly allege the citizenship of NLS, and failed to name the principal place of business and state of incorporation of Plaintiff.

[2] This notice was joined by both Rohm and Haas and was electronically signed by both defendants, but was filed only by Rohm and Haas.

[3] This notice is exactly the same as the previous notice and again was joined by both defendants and was electronically signed by both defendants, but this time was filed only by NLS.

2

(1994) ("The notice of removal . . . shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . ."). Plaintiff served NLS with a copy of the motion for judgment on June 20, 2005. NLS was therefore required to file, join in, or consent to removal by July 20, in accordance with § 1446(b). Plaintiff argues that NLS did not properly join in the July 20 Joint Notice of Removal[4], and therefore Defendants did not meet the requirements of § 1446(b) and this case should be remanded to state court.

The July 20 Notice of Removal was filed electronically with this Court. The July 20 notice is titled a "Joint Notice of Removal," and states: "Come Now the defendants, Rohm and Haas . . . and Northern Laminate Sales, Inc. . . . pursuant to 28 U.S.C. §§ 1441 and 1446, and file this Joint Notice of Removal . . . ." At the end of the document, it bears the "electronic signature" of William R. Rakes, counsel for Rohm and Haas, and Kevin P. Oddo, counsel for NLS. The "electronic signature" consists of "/s/" followed by the attorney's typewritten name. Plaintiff argues that the "electronic signature" of Kevin Oddo, counsel for NLS, on the July 20 Notice of Removal does not comply with the Western District of Virginia's electronic filing requirements and also does not comply with the requirements of 28 U.S.C. § 1446(b), and thus is invalid for purposes of joining NLS in the joint notice of removal. Defendants, on the other hand, argue that the signature is valid both for purposes of the filing requirements and for § 1446(b), and argue that NLS joined in the removal notice on July 20.

The United States District Court for the Western District of Virginia has compiled a set of procedures and guidelines for the electronic filing of documents on its Case

---

[4]Plaintiff does not dispute that NLS properly joined in the July 27 Notice of Removal, but this notice was filed too late in order to comply with the requirements of § 1446(b).

3

Management/Electronic Case Files system ("CM/ECF"). The electronic filing system allows attorneys or their staff to submit documents electronically by logging in with a user identification and a password. An attorney who submits a document electronically can sign the document by typing in "s/ (attorney name)." *See* United States District Court for the Western District of Virginia, Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means (Revised January 2005) [hereinafter *Procedures*], at 12, *available at* http://www.vawd.uscourts.gov/cmecf/ECFProcedures.pdf. The signature line is then followed by information such as the attorney's bar number, who the attorney represents, the attorney's law firm, and the attorney's address, telephone number, fax number and e-mail address. *Id.*

Plaintiff argues that NLS did not join the Notice of Removal because counsel for NLS did not log into the electronic system by entering his username and password to file the document. Counsel for NLS did not physically type his signature line—counsel for Rohm and Haas did this when he filed the joint notice of removal. Thus, Plaintiff argues that NLS did not actually sign the document but rather Rohm and Haas signed the document *on behalf* of NLS. Plaintiff argues that one defendant cannot voice its consent to removal through another defendant's attorney, but each defendant must make this representation affirmatively to the court. Plaintiff cites a number of cases to support this argument. *See, e.g., Stonewall Jackson Mem'l Hosp. v. Am. United Life Ins. Co.*, 963 F. Supp. 553 (N.D. W. Va. 1997); *Creekmore v. Food Lion, Inc.*, 797 F. Supp. 505, 509 (E.D. Va. 1992).

The District's procedures for electronic filing clearly contemplate the situation at hand. On page twelve, the procedures discuss "Multiple Attorney Signatures," when "a stipulation or other document requiring two or more attorney signatures is submitted electronically."

4

*Procedures* at 12. The procedures state that the filing party or attorney "must initially confirm that the content of the document is acceptable to all attorneys required to sign the document and must obtain the signatures of all attorneys on the document." *Id.* The procedures go on to state that for purposes of this rule, "physical, facsimile, or electronic signatures are permitted." *Id.* The procedures then state: "The filing party or attorney must then submit the document electronically to the CM/ECF system, indicating the signatories, e.g., 's/Jane Doe,' 's/John Smith,' etc." *Id.*

Defendants followed the procedures outlined on page twelve precisely when they filed the joint notice of removal on July 20. The attorney for Rohm and Haas first confirmed that the content of the document was acceptable to NLS, and then obtained NLS's electronic signature on the document. The attorney for Rohm and Haas then submitted the document electronically to the system by indicating the signatories, "s/ William R. Rakes," and "s/ Kevin P. Oddo." The procedures clearly contemplate that in documents requiring the signature of more than one attorney, one attorney will log into the electronic system and add the electronic signatures of the other attorneys. Only one attorney can log into the electronic system with his or her unique login and password at one time. Therefore, to require *each* attorney to log into CM/ECF every time the attorney needed to sign a jointly-filed document would result in multiple filings of the same document, thus defeating the CM/ECF's intended purpose of streamlining the filing system. To support its argument, Plaintiff points to a passage from the CM/ECF user's manual which states, "your login and password constitute your signature." *See* United States District Court for the Western District of Virginia, Electronic Case Filing CM/ECF Filing User's Manual (Revised June 2004), at 8, *available at* http://www.vawd.uscourts.gov/cmecf/cmecfmanual.pdf. However,

5

this passage is taken out of context, as it is warning attorneys who delegate their user name or passwords to secretaries, paralegals, or others in their office that they will still be held responsible for documents filed on their behalf.

Because Defendants complied with the District's electronic filing requirements and both Rohm and Haas and NLS signed the July 20 notice of removal, the Court finds that Defendants filed a notice of removal within thirty days of service, as required by 28 U.S.C. § 1446(b). The cases advanced by Plaintiff do not help Plaintiff's argument because they all involve situations in which one defendant *did not* sign the notice of removal and none of the cases involve electronic filings and electronic signatures. Here, Defendant NLS *did* sign and join in the notice of removal in compliance with § 1446(b). Accordingly, Plaintiff's Motion to remand is DENIED.

An appropriate Order shall issue.

The Clerk of the Court is directed to send certified copies of this Memorandum Opinion to all Counsel of Record.

ENTERED: /s/ Norman K. Moon

U.S. District Judge

9-2-05

Date